UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>CHOICE HOTELS INTERNATIONAL, INC.,<br><br>*Defendants.* | Civil Action No. 20-cv-3172 (PKC) |

## STIPULATION AND PROTECTIVE ORDER

The following Stipulation and Order is entered into by and between Plaintiff Starr Indemnity & Liability Company ("Starr") and Defendant Choice Hotels International, Inc. ("Choice," and together with Starr, the "Parties") by and through their respective counsel of record. The Parties acknowledge there is Information, as that term is defined below, that is relevant to the issues in this Action, which may contain privileged or non-public information the Parties desire to be protected from disclosure.

To facilitate the exchange and use of such Information in this Action, and to prevent the disclosure of privileged Information to third parties, the Parties stipulate as follows:

IT IS HEREBY STIPULATED:

I.     DEFINITIONS

In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

A.  "Action" means the above-entitled case, *Starr Indemnity & Liability Company v. Choice Hotels International, Inc.,* Civil Action No. 20-cv-3172 (PKC), in the United States District Court for the Southern District of New York.

B.  "Court" means the United States District Court for the Southern District of New York and any judge to which this Action, or any part of it, may be assigned, including Court staff participating in any such Actions.

C.  "Confidential" means any information in the possession of a Party or non-party, as appropriate, that it believes in good faith to require protection from disclosure to third parties because the information contains trade secrets, proprietary materials, non-public research and analysis, competitively sensitive financial information, commercial information, internal strategy or strategic planning information, and/or internal communications; or other information for which a good faith claim of need for protection from disclosure can be made under applicable law.

D.  "Confidential Materials" means any Documents, Testimony, or Information as further defined below in Section III, designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order, but does not include any Documents, Testimony, or Information that are a matter of public record.

E.  "Designating Party" means the party that designates Documents, Testimony, or Information as "Confidential Materials."

F.  "Disclose," "Disclosed," or "Disclosure" means to reveal, divulge, give, or make available Confidential Materials, or any part thereof, or any information contained therein, including in discovery or trial of this Action.

G.  "Document" means (i) any handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored, in the parties' possession, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

H.  "Information" means the content of Documents and Testimony.

I.  "Testimony" means all depositions, declarations, or other testimony taken or used in this Action or any other lawsuit, including testimony at trial.

II.  INFORMATION THAT MAY BE DESIGNATED CONFIDENTIAL

Any Party or non-party, as appropriate, shall have the right to designate as "Confidential" any Documents, Testimony, or Information that satisfies the definitions of "Confidential" and "Confidential Materials" in Sections I.C. and I.D. above and that the Designating Party in good faith believes to contain trade secrets, proprietary materials, non-public research and analysis, competitively sensitive financial information, commercial information, internal strategy or strategic planning information, and/or internal communications.

III.  NO WAIVER

The entry of this Stipulation and Protective Order does not alter, waive, modify, or limit any right, privilege, or protection otherwise available to any Party, including, but not limited to,

any Party's right to assert the attorney-client privilege and/or the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

IV.   DESIGNATION OF INFORMATION AS CONFIDENTIAL

Any Documents, Testimony, or Information to be designated as "Confidential" must be so designated. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

A.   For Documents, the Designating Party must affix the legend "Confidential" on each page of any Document containing designated Confidential Material.

B.   For Testimony given in depositions in this Action, the Designating Party may either:

1.   identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

2.   designate the entirety of the Testimony at the deposition as presumptively "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court-reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

3.   For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs, DVDs, or thumb

drives, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

V.   INADVERTENT PRODUCTION OF CONFIDENTIAL MATERIALS

Any "Confidential" Information, Documents, or Testimony that have been inadvertently produced without labeling or otherwise designating them as such in accordance with this Order may be so designated by the Party asserting the claim of confidentiality by written notice to the other Party identifying the Information, Documents, or Testimony that is Confidential within a reasonable time following the discovery that the materials were produced without such designation, and the Confidential Materials shall be treated as such in accordance with this Order. If a Party has disclosed the Confidential Materials before receiving the designation, the Party must notify the Designating Party in writing of each such disclosure.

VI.   INADVERTENT DISCLOSURE OF PRIVILEGED MATERIALS

If, in connection with this Action, a Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Privileged Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Privileged Information or their subject matter.

If a disclosing Party makes a claim of inadvertent disclosure, the receiving Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Privileged

Information, and provide a certification of counsel that all such information has been returned or destroyed.

Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Privileged Information.

The receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Privileged Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

VII.   OBJECTING TO MATERIALS DESIGNATED AS CONFIDENTIAL

At any stage of these proceedings, any Party may object to a designation of Confidential Materials. The Party objecting to confidentiality must notify, in writing, counsel for the Designating Party of the objected-to Confidential Materials and the grounds for each objection. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this paragraph of this Order. If the dispute is not resolved consensually between the Parties within seven days of receipt of such a notice of objections, the objecting party may move the Court for an order declassifying the materials. In the event any party files a motion challenging the designation or redaction of information, the document shall be submitted to the Court, under seal, for an in-camera inspection.

The materials at issue must be treated as Confidential Materials, as designated by the Designating Party, until the Court has ruled on the objection or the matter has been otherwise resolved.

VIII. ACCESS TO CONFIDENTIAL MATERIALS

Except without prior written consent of the Designating Party, access to and/or disclosure of Confidential Materials designated as "Confidential" shall not be furnished, shown or disclosed to any person or entity except to be permitted only to the following persons:

   a. Outside counsel of the Parties and their associated attorneys, paralegals, and other professional and non-professional personal (including supporting staff and outside copying services) who are assisting such counsel in this Action, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

   b. Personnel of the Parties (including in-house counsel) who are actually engaged in assisting in the preparation of this Action, who have been advised of their obligations hereunder, and to whom it is reasonably necessary to disclose the information from this Action. All persons receiving Confidential Materials pursuant to this paragraph must execute a copy of the Certification attached hereto as Exhibit A. Counsel for the Parties must retain executed copies such Certifications;

   c. Claim-handling entities, reinsurers, retrocessionaires, accountants, regulators, or auditors to whom Starr has a contractual, statutory or regulatory obligation to report and to whom disclosure is deemed necessary by Starr's counsel in this Action. All persons receiving Confidential Materials pursuant to this paragraph must execute a copy of the Certification attached hereto as Exhibit A. Counsel for Starr must retain executed copies such Certifications;

d.  Expert witnesses or consultants retained by a Party or a Party's counsel to furnish technical or expert services in connection with this Action or to give testimony with respect to the subject matter of this Action and their professional and non-professional personal (including supporting staff and outside copying services) who are assisting such experts or consultants in this Action, are under the supervision or control of such experts or consultants, and who have been advised by such counsel of their obligations hereunder. Before receiving any Confidential Materials, the expert or consultant must execute a copy of the Certification attached hereto as Exhibit A. Counsel for the Party retaining the expert or consultant must retain executed copies of such Certifications;

e.  The Court and its personnel;

f.  Any court reporters and their staff employed in this Action and acting in that capacity;

g.  Any person indicated on the face of the Confidential Materials to be its author or recipient, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this Action. All persons receiving Confidential Materials pursuant to this paragraph must execute a copy of the Certification attached hereto as Exhibit A. Counsel for the Parties must retain executed copies of such Certifications; and

h.  Hearing and deposition witnesses in the Action who have signed the Certification attached hereto as Exhibit A, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Materials must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

IX. USE OF CONFIDENTIAL INFORMATION

Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Action, and not for any business or other purpose whatsoever.

X. REQUESTS FOR MODIFICATION

Any Party to the Action (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court to modify or grant relief from any provision of this Stipulation and Protective Order after giving three days' notice to the other Parties to the Action

XI. EFFECT OF PROTECTIVE ORDER

Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

    A. to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

    B. to seek relief from the Court on appropriate notice to all other Parties to the Action from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material, or Information.

XII. ADDITIONAL PARTIES

Any Party or non-party to this Action who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the

same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

### XIII. DESIGNATING THIRD PARTY MATERIALS AS CONFIDENTIAL

Any Information that may be produced by a non-party witness in discovery in the Action pursuant to subpoena or otherwise may be designated by such non-party as "Confidential," under the terms of this Stipulation and Protective Order; and any such designation by a non-party shall have the same force and effect, and create the same duties and obligations, as if made by one of the Parties. Any such designation shall also function as a consent by the producing non-party to the authority of the Court in the Action to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

### XIV. SUBPOENAS AND OTHER PROCESS

If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government entity or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony, or Information pursuant to the Subpoena before the date specified for production on the Subpoena

and shall not disclose any Confidential Materials to any government agency, person, or other entity without first providing notice to the Designating Party under this paragraph.

XV.   ADDITIONAL PROTECTION

Nothing in this Stipulation and Protective Order shall be construed to preclude the Parties from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

XVI.   VIOLATION OF PROTECTIVE ORDER

If, after execution of this Stipulation and Protective Order, any Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order are Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

XVII.   WAIVER OF CONFIDENTIAL DESIGNATION

This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

XVIII.   FILING CONFIDENTIAL MATERIALS WITH THE COURT

A Party or a non-party, as appropriate, seeking to file Confidential Materials or any pleading, brief, or memorandum which reproduces, paraphrases or discloses Confidential Information, shall take all steps to file the documents or information under seal or in redacted form

in accordance with the applicable court rules and Judge's individual practice rules to ensure that Confidential Information is not filed on the public docket. .

Notwithstanding any other provision in this Order, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

XIX.   USE OF CONFIDENTIAL MATERIALS AT TRIAL

The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

XX.   ADMISSIBILITY OF CONFIDENTIAL MATERIALS

Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or limit the rights of any person to seek judicial review or to pursue

other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

XXI. CONTINUANCE OF PROTECTIVE ORDER; OBLIGATIONS AFTER RESOLUTION OF ACTION

    A.    BINDING AFTER RESOLUTION OF ACTION.

This Stipulation and Protective Order shall continue to be binding after the conclusion of this Action and all subsequent Actions arising from this Action, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Action is terminated.

    B.    DISPOSITION OF CONFIDENTIAL MATERIAL

After the settlement or other termination of the Action, the undersigned Parties shall have 30 days to either: (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), with a written confirmation that all Confidential Materials and copies have been returned subject to the terms and conditions of the Protective Order in effect for this case; (b) agree with counsel for the Designating Party upon

appropriate methods and certification of destruction or other disposition of such Confidential Materials; or (c) as to any Documents, Testimony, or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

XXII.   STIPULATION BINDING PENDING APPROVAL BY COURT.

The Parties agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. This Stipulation and Protective Order may be executed in counterparts.

IN WITNESS WHEREOF, each of the undersigned has executed and delivered this Stipulation as of the date first above written.

| NORTON ROSE FULBRIGHT US LLP | AHMUTY, DEMERS & MCMANUS |
|---|---|
| /s/ Thomas J. McCormack | /s/ Jennifer A. Casey |
| Thomas J. McCormack | Jennifer Anne Casey |
| 1301 Avenue of the Americas | Ahmuty, Demers & McManus (Nassau) |
| New York, New York 10019 | 200 I.U. Willets Road |
| Telephone: (212) 318-3108 | Albertson, NY 11507 |
| thomas.mccormack@nortonrosefulbright.com | (516)-535-2425 |
| | (516)-625-4712 (fax) |
| Joy Langford | jennifer.casey@admlaw.com |
| Susan Aldridge | |
| 799 9th Avenue, NW #1000 | William H. McKenzie, IV |
| Washington, DC 20001 | Norman Wood Kendrick & Turner |
| Telephone:   (202) 662-0200 | Ridge Park Place |
| joy.langford@nortonrosefulbright.com | 1130 22nd Street South |
| susan.aldridge@nortonrosefulbright.com | Ste 3000 |
| | Birmingham, AL 35205 |
| | 205-328-6643 |
| | whm@nwkt.com |
| *Counsel for STARR INDEMNITY & LIABILITY COMPANY* | *Counsel for CHOICE HOTELS INTERNATIONAL, INC..* |

SO ORDERED this 2nd day of October, 2020.

P. Kevin Castel, U.S.D.J.

## **EXHIBIT A**

CERTIFICATION RE: CONFIDENTIAL DISCOVERY MATERIALS

    I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Action, *Starr Indemnity & Liability Company v. Choice Hotels International, Inc.*, Civil Action No. 20-cv-3172 (PKC), in the United States District Court for the Southern District of New York. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in the Action. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

    I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Action, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Action.

    I further understand that I am to retain all copies of all Confidential Materials provided to me in the Action in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Action, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

    I declare under penalty of perjury, under the laws of the State of _____, that the foregoing is true and correct.

    Executed this \_\_\_\_\_ day of _____, 20\_\_\_\_\_.

By: _____

Title: _____

Street Address: _____

City, State: _____

Zip Code: _____